**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| PRL USA HOLDINGS, INC. and RALPH LAUREN CORPORATION,<br><br>                  Plaintiffs,<br><br>    v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                  Defendants. | Case No. 24-cv-05976 |

## COMPLAINT

Plaintiff PRL USA Holdings, Inc. and Plaintiff Ralph Lauren Corporation (collectively, "Ralph Lauren") hereby bring the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

### I.   JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Ralph Lauren's federally registered trademarks and/or unauthorized copies of Ralph Lauren's copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Ralph Lauren substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Ralph Lauren to combat e-commerce store operators who trade upon Ralph Lauren's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, including clothing and handbags, using infringing and counterfeit versions of Ralph Lauren's federally registered trademarks and/or unauthorized copies of Ralph Lauren's federally registered copyrighted works (collectively, the "Unauthorized Ralph Lauren Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Ralph Lauren Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Ralph Lauren is forced to file this action to combat Defendants' counterfeiting of Ralph Lauren's

registered trademarks and infringement of its registered copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Ralph Lauren Products over the Internet. Ralph Lauren has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and infringement of its copyrighted works as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiffs**

4.  Plaintiff PRL USA Holdings, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 650 Madison Avenue, New York, New York 10022.

5.  Plaintiff Ralph Lauren Corporation is a corporation organized and existing under the laws of Delaware, having its principal place of business at 650 Madison Avenue, New York, New York 10022.

6.  Ralph Lauren was founded in 1967 by the iconic designer Mr. Ralph Lauren, and has become a leader in the design, marketing, and distribution of premium lifestyle products. For more than 50 years, Ralph Lauren's reputation and distinctive image have been consistently developed across an expanding number of products, brands, and international markets. Brands of Ralph Lauren include Ralph Lauren, Ralph Lauren Collection, Ralph Lauren Purple Label, Polo Ralph Lauren, Polo Sport, Double RL, Lauren Ralph Lauren, and Chaps, among others. For more than half a century, Ralph Lauren has sold high-quality apparel, accessories, and other products, all of which prominently display its famous, internationally-recognized, and federally-registered trademarks and/or copyrighted works (collectively, the "Ralph Lauren Products"). Ralph Lauren Products have become enormously popular, driven by Ralph Lauren's arduous quality standards

and innovative design. Among the purchasing public, genuine Ralph Lauren Products are instantly recognizable as such. In the United States and around the world, the Ralph Lauren brand has come to symbolize high quality and prestige.

7.      Genuine Ralph Lauren Products are distributed through a worldwide network of authorized licensees, distributors, and retailers, including Ralph Lauren retail stores throughout the United States and in Illinois, and through the official ralphlauren.com website (previously located at polo.com), which was launched in November 2000.

8.      Ralph Lauren has continuously sold Ralph Lauren Products under the Ralph Lauren trademarks in the United States for many years. Ralph Lauren incorporates a variety of distinctive marks in the design of its various Ralph Lauren Products. As a result of its long-standing use, Ralph Lauren owns common law trademark rights in its trademarks. Ralph Lauren has also registered its trademarks with the United States Patent and Trademark Office. Ralph Lauren Products typically include at least one of the federally registered Ralph Lauren trademarks. Often, Ralph Lauren trademarks are displayed in more than one location on a single product (*e.g.*, interior label, lining, and/or external name plate). Ralph Lauren uses its trademarks in connection with the marketing of its Ralph Lauren Products, including the following marks, which are collectively referred to as the "RALPH LAUREN Trademarks."

| Registration Number | Trademark |
|---|---|
| 1,447,282 1,469,151 1,624,989 1,835,393 1,976,324 1,972,538 2,207,011 3,521,190 3,764,868 | RALPH LAUREN |

| Registration Number | Trademark |
|---|---|
| 5,400,546 | |
| 1,363,459 1,446,173 1,468,420 3,684,457 5,512,126 | POLO |
| 1,951,601 | POLO SPORT |
| 5,507,568 | POLO RALPH LAUREN |
| 5,752,831 6,114,023 5,758,981 5,565,986 4,602,237 | POLO BEAR |
| 3,687,528 3,120,485 2,312,818 | RL |
| 3,199,839 |  |
| 3,812,741 |  |

| Registration Number | Trademark |
|---|---|
| 4,254,740 |  |
| 4,558,683 |  |
| 1,485,359 |  |
| 2,052,315 |  |
| 2,823,094 |  |

9.     The above U.S. registrations for the RALPH LAUREN Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The registrations for the RALPH LAUREN Trademarks constitute *prima facie* evidence of their validity and of Ralph Lauren's exclusive right to use the RALPH LAUREN Trademarks pursuant to 15 U.S.C. § 1057(b).  The RALPH LAUREN Trademarks have been used exclusively and continuously by Ralph Lauren, some since at least as early as 1967, and have never been abandoned.  True and correct copies of the United States Registration Certificates for the above-listed RALPH LAUREN Trademarks are attached hereto as **Exhibit 1**.

10.    The RALPH LAUREN Trademarks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks.  As a result, the RALPH LAUREN Trademarks are both famous marks and valuable assets.  As such, Ralph Lauren has built substantial goodwill in the RALPH LAUREN Trademarks, which is of incalculable and inestimable value to Ralph Lauren.

11.    The RALPH LAUREN Trademarks have been widely promoted, both in the United States and throughout the world, and are among the world's most famous and widely recognized trademarks.  In fact, Ralph Lauren has expended hundreds of millions of dollars in advertising, promoting, and marketing featuring the RALPH LAUREN Trademarks.  Ralph Lauren Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items.  Ralph Lauren augments this unsolicited media coverage with extensive paid advertising featuring internationally known celebrities, such as Lily Aldridge, Olivia Palmero, Iman, Rachel Zoe, and Daniel Levy in upscale, luxury publications and on social media platforms worldwide.  Ralph Lauren is also the official sponsor of Wimbledon, an official sponsor of the U.S. Open, and the exclusive Official Parade Outfitter

for the U.S. Olympic and Paralympic Teams. Because of these and other factors, the Ralph Lauren name and the RALPH LAUREN Trademarks have become famous throughout the United States.

12. The RALPH LAUREN Trademarks are distinctive when applied to the Ralph Lauren Products, signifying to the purchaser that the products come from Ralph Lauren and are manufactured to Ralph Lauren's quality standards. Ralph Lauren maintains quality control standards for all Ralph Lauren Products. All genuine Ralph Lauren Products are inspected and approved by or on behalf of Ralph Lauren prior to distribution and sale.

13. Ralph Lauren operates a website at ralphlauren.com where it promotes and sells genuine Ralph Lauren Products. The ralphlauren.com website features proprietary content, images, and designs exclusive to Ralph Lauren.

14. Ralph Lauren has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting the RALPH LAUREN Trademarks. As a result, products bearing the RALPH LAUREN Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Ralph Lauren. Ralph Lauren is a multi-billion-dollar operation, and Ralph Lauren Products are among the most popular of their kind in the world.

15. Ralph Lauren has also registered many of its copyrighted works with the United States Copyright Office (collectively, the "Ralph Lauren Copyrighted Works"), a non-exhaustive list of which are included in the following chart:

| U.S. Copyright Registration No. | Work Title and Design | Registration Date |
|---|---|---|
| VA 2-117-607 | Red Sweater Bear | 3/30/2018 |

| U.S. Copyright Registration No. | Work Title and Design | Registration Date |
|---|---|---|
| |  | |
| VA 2-117-620 | Hockey Jersey Bear  | 3/30/2018 |
| VA 2-117-616 | Basketball Bear  | 3/30/2018 |

| U.S. Copyright Registration No. | Work Title and Design | Registration Date |
|---|---|---|
| VA 2-117-625 | Soccer Player Polo Bear with Ball  | 4/30/2018 |
| VA 2-122-321 | Fisherman Bear  | 4/30/2018 |
| VA 2-122-329 | Tennis Bear  | 4/30/2018 |

| U.S. Copyright Registration No. | Work Title and Design | Registration Date |
|---|---|---|
| VA 2-157-521 | Martini Bear  | 10/4/2018 |
| VA 2-157-621 | Seated basketball bear in blue USA pullover  | 10/9/2018 |
| VAu 1-421-134 | Fall 2021 Polo Bears Polo Club Greenwich  | 12/17/2020 |

| U.S. Copyright Registration No. | Work Title and Design | Registration Date |
|---|---|---|
| VAu 1-440-351 | Pre Spring/Spring 2022 Navy Flag T-Shirt Bear  | 7/31/2021 |
| VA 2-030-195 | Baby Polo Bear Spring 2014: Boy Bear 1 w Navy Blazer, Cricket Sweater & Tie  | 9/7/2016 |
| VA 2-323-454 | Fireman Jacket  | 10/5/2022 |
| VAu 1-421-134 | Fall 2021 Polo Bears 30th Anniversary Tweed | 12/17/2020 |

| U.S. Copyright Registration No. | Work Title and Design | Registration Date |
|---|---|---|
| |  | |
| VAu 1-440-351 | Pre Spring/Spring 2022 Core Denim RL Turtleneck Sweater  | 7/13/2021 |

True and correct copies of the U.S. federal copyright registration certificates and U.S. Copyright Office registration information for the above-referenced Ralph Lauren Copyrighted Works are attached hereto as **Exhibit 2**.

16.     Among the exclusive rights granted to Ralph Lauren under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Ralph Lauren Copyrighted Works to the public.

17.     Since first publication, the Ralph Lauren Copyrighted Works have been used on the Ralph Lauren Products and are featured on Ralph Lauren's website at ralphlauren.com.  Ralph Lauren Products featuring the Ralph Lauren Copyrighted Works are advertised on Ralph Lauren's website at ralphlauren.com.

13

**The Defendants**

18.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Ralph Lauren.  On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Ralph Lauren to learn Defendants' true identities and the exact interworking of their counterfeit network.   If Defendants provide additional credible information regarding their identities, Ralph Lauren will take appropriate steps to amend the Complaint.

## IV.   DEFENDANTS' UNLAWFUL CONDUCT

20.     The success of the Ralph Lauren brand has resulted in significant counterfeiting of the RALPH LAUREN Trademarks and copying of the Ralph Lauren Copyrighted Works.  In recent years, Ralph Lauren has identified many fully interactive, e-commerce stores offering counterfeit Ralph Lauren Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Wish.com, Walmart, DHgate, Etsy, and Temu, including the e-commerce stores operating under the Seller Aliases.  The Seller Aliases target consumers in this Judicial District and throughout the United States.  According to a U.S. Customs and Border Protection ("CBP") report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights

("IPR") violations totaling over $3.3 billion, an increase of $2.0 billion from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection (**Exhibit 3**). Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), most of which originated from China and Hong Kong. *Id*.

21. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 Nw. J. INT'L L. & & BUS. 157, 186 (2020); see also report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) attached as **Exhibit 5** and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit 5** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 5** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 4** at 186–187.

22. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer

shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Unauthorized Ralph Lauren Products to residents of Illinois.

23.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies.  For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.  E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal.  E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.  Ralph Lauren has not licensed or authorized Defendants to use any of its RALPH LAUREN Trademarks or copy or distribute the Ralph Lauren Copyrighted Works, and none of the Defendants are authorized retailers of genuine Ralph Lauren Products.

24.     Many Defendants also deceive unknowing consumers by using the RALPH LAUREN Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Ralph Lauren Products.  Other e-commerce stores operating under Seller Aliases omit using RALPH LAUREN Trademarks in the item title to evade enforcement efforts, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Ralph Lauren Products.

25.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete

information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

26.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Ralph Lauren Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

27.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Ralph Lauren Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Unauthorized Ralph Lauren Products were manufactured by and come from a common source and that Defendants are interrelated.

28.     E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

29.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Ralph Lauren's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Ralph Lauren.  Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

30.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Ralph Lauren Products in the same transaction, occurrence, or series of transactions or occurrences.  Defendants, without any authorization or license from Ralph Lauren, have jointly and severally, knowingly and willfully used and continue to use the RALPH LAUREN Trademarks and/or copies of the Ralph Lauren Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Ralph Lauren Products into the United States and Illinois over the Internet.

31.     Defendants' unauthorized use of the RALPH LAUREN Trademarks and/or copies of the Ralph Lauren Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Ralph Lauren Products, including the sale of Unauthorized Ralph Lauren Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Ralph Lauren.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

32.     Ralph Lauren hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered RALPH LAUREN Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The RALPH LAUREN Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Ralph Lauren Products offered, sold, or marketed under the RALPH LAUREN Trademarks.

34.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the RALPH LAUREN Trademarks without Ralph Lauren's permission.

35.     Ralph Lauren is the exclusive owner of the RALPH LAUREN Trademarks.  Ralph Lauren's United States Registrations for the RALPH LAUREN Trademarks (**Exhibit 1**) are in full force and effect.  Upon information and belief, Defendants have knowledge of Ralph Lauren's rights in the RALPH LAUREN Trademarks and are willfully infringing and intentionally using counterfeits of the RALPH LAUREN Trademarks.  Defendants' willful, intentional, and unauthorized use of the RALPH LAUREN Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Ralph Lauren Products among the general public.

36.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.     Ralph Lauren has no adequate remedy at law and, if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of its well-known RALPH LAUREN Trademarks.

38.     The injuries and damages sustained by Ralph Lauren have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Ralph Lauren Products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

39.     Ralph Lauren hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

40.     Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Ralph Lauren Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Ralph Lauren or the origin, sponsorship, or approval of Defendants' Unauthorized Ralph Lauren Products by Ralph Lauren.

41.     By using the RALPH LAUREN Trademarks in connection with the Unauthorized Ralph Lauren Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Ralph Lauren Products.

42.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Ralph Lauren Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

43.     Ralph Lauren has no adequate remedy at law and, if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of the Ralph Lauren brand.

### COUNT III
### COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 and 501)

44.     Ralph Lauren hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45.     Ralph Lauren is the owner of valid and enforceable Ralph Lauren Copyrighted Works, which contain certain copyrightable subject matter under 17 U.S.C. §§ 101 and 501, *et seq.*

46.     Ralph Lauren has complied with the registration requirements of 17 U.S.C. § 411(a) for the Ralph Lauren Copyrighted Works and has obtained copyright registrations for the Ralph Lauren Copyrighted Works.

47.     Defendants do not have any ownership interest in the Ralph Lauren Copyrighted Works.  Defendants had access to the Ralph Lauren Copyrighted Works via the internet.

48.     Without authorization from Ralph Lauren, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Ralph Lauren Copyrighted Works on the e-commerce stores under the Seller Aliases and the corresponding Unauthorized Ralph Lauren Products.  Defendants' derivative works are virtually identical to and/or substantially similar to the look and feel of the Ralph Lauren Copyrighted Works.  Such conduct infringes and continues to infringe the Ralph Lauren Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

49.     Defendants reap the benefits of the unauthorized copying and distribution of the Ralph Lauren Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Ralph Lauren Products.

50.     The Defendants have unlawfully appropriated Ralph Lauren's protectable expression by taking material of substance and value and creating Unauthorized Ralph Lauren Products that capture the total concept and feel of the Ralph Lauren Copyrighted Works.

51.     Upon information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of to Ralph Lauren's rights.

52.     The Defendants, by their actions, have damaged Ralph Lauren in an amount to be determined at trial.

53.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Ralph Lauren great and irreparable injury that cannot fully be compensated or measured in money.  Ralph Lauren has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Ralph Lauren is entitled to a preliminary and permanent injunction prohibiting further infringement of the Ralph Lauren Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, Ralph Lauren prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the RALPH LAUREN Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

Ralph Lauren Product or is not authorized by Ralph Lauren to be sold in connection with the RALPH LAUREN Trademarks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Ralph Lauren Copyrighted Works in any manner without the express authorization of Ralph Lauren;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Ralph Lauren Product or any other product produced by Ralph Lauren, that is not Ralph Lauren's or not produced under the authorization, control, or supervision of Ralph Lauren and approved by Ralph Lauren for sale under the RALPH LAUREN Trademarks and/or the Ralph Lauren Copyrighted Works;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Ralph Lauren Products are those sold under the authorization, control, or supervision of Ralph Lauren, or are sponsored by, approved by, or otherwise connected with Ralph Lauren;

e. further infringing the RALPH LAUREN Trademarks and/or the Ralph Lauren Copyrighted Works and damaging Ralph Lauren's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Ralph Lauren, nor authorized by Ralph Lauren to be sold or offered for sale, and which bear any of Ralph Lauren's trademarks, including the RALPH LAUREN Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Ralph Lauren Copyrighted Works;

2) Entry of an Order that, upon Ralph Lauren's request, those with notice of the injunction, including, without limitation, any e-commerce platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, DHgate, Etsy, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the RALPH LAUREN Trademarks and/or which bear the Ralph Lauren Copyrighted Works;

3) That Defendants account for and pay to Ralph Lauren all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the RALPH LAUREN Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Ralph Lauren be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the RALPH LAUREN Trademarks;

5) As a direct and proximate result of Defendants' infringement of the Ralph Lauren Copyrighted Works, Ralph Lauren is entitled to damages, as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Ralph Lauren's election prior to any final judgment being entered, Ralph Lauren is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) That Ralph Lauren be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

Dated this 16th day of July 2024.        Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Quinn B. Guillermo
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
qguillermo@gbc.law

*Counsel for Plaintiffs PRL USA Holdings, Inc.
and Ralph Lauren Corporation*